MARY CORCORAN, Respondent, *v.* AMBROSE KENNEDY, as Executor, etc., of ELIZABETH COSGROVE, Deceased, Appellant.

Third Department, March 7, 1917.

**Will** — contract — agreement to make mutual wills — breach of contract by subsequent will making other disposition of property — when contract creates valid claim against estate — when executor of last will is not personally liable for breach of contract by testatrix — when costs should not be imposed upon executor — accounting, when Surrogate's Court is proper tribunal.

Action in the Supreme Court brought against an executor of a will duly admitted to probate to establish a claim against the estate founded upon a contract between the plaintiff and the testatrix, her sister, to make mutual wills for the sole benefit of each other, in consideration of the plaintiff's agreement to provide a home for the testatrix so long as they both should live. It appeared that the testatrix, having undergone an operation at a hospital, went to live with the plaintiff who made suitable alterations in her home to accommodate the testatrix and that both parties actually drew and executed mutual wills in which each made the other her sole beneficiary. The agreement to make mutual wills was also established by oral testimony; but the testatrix, being obliged to return to the hospital where she died, made a subsequent will leaving the bulk of her property to the defendant, her nephew, whom she also appointed her executor. Evidence examined, and *held*, to justify a finding that the testatrix had contracted to leave her property to the

plaintiff for a valuable consideration, and that the plaintiff, having executed the contract on her part, had a valid claim against her sister's estate for the amount thereof, less the costs of administration and the payment of the debts and funeral expenses.

The contract to make mutual wills was none the less enforcible because defendant's testatrix shortly after the contract was made was obliged to leave the plaintiff's house and return to the hospital, where she died.

In such action in the Supreme Court it is not necessary that the legatees under the last will of the decedent should be made parties defendant, as their interests are represented by the defendant executor, so that they will be bound by the judgment against him.

However, where the action was not brought against the executor individually, but solely in his representative capacity, it was error to enter an individual judgment against him.

Moreover, the suit being in equity and the costs discretionary, the court should not impose costs against the executor where there is no suggestion of any fraud or unfairness on his part and he merely defended through his duty to protect the estate, and this is true although he was the residuary and chief legatee.

Although the complaint in such action in the Supreme Court asks for an accounting, it should be had in the Surrogate's Court where the will was admitted to probate, and where due notice can be given to interested parties.

APPEAL by the defendant, Ambrose Kennedy, as executor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 12th day of May, 1916, upon the decision of the court, a specific question having been submitted to the jury and the finding of the jury thereon having been adopted by the court in its decision; also, an appeal from an order entered in said clerk's office on the same day modifying the judgment so as to make the defendant individually liable for costs, and from a second order entered on the same day enjoining and restraining the defendant both as executor and individually from using or expending the property of the estate and requiring him to give a bond.

*Peck & Behan* [*John T. Norton* of counsel], for the appellant.

*Willis E. Heaton* [*Alvin E. Mambert* of counsel], for the respondent.

COCHRANE, J.:

Elizabeth Cosgrove, the defendant's testatrix, died April 11, 1912, leaving a last will and testament executed April 1, 1912,

wherein she appointed the defendant as executor thereof and said will has been duly admitted to probate and letters testamentary have been issued to him and he is in the due and proper administration of the trust so reposed in him.

The decedent had for a number of years been a domestic servant. In May, 1911, she gave up service and entered a hospital in Troy, N. Y., for a surgical operation. On May seventeenth while in the hospital she executed a will which was destroyed after the probate of the one above mentioned. In the following month she left the hospital and took up her residence in Troy with the plaintiff, who was her sister, and continued to live with her until the following December, when she again went to the hospital, where she remained until her death.

On September 20, 1911, while the two sisters were living together, they sent for a lawyer and each executed a will giving to the other the property each possessed. The decedent had about $4,000 in a bank and trust company, and the plaintiff not as much. The decedent left one other sister, the mother of the defendant, one brother, and children of a deceased brother, her only next of kin. By the will of April 1, 1912, she gave to this defendant all her estate except $625 in legacies, including $200 given to the plaintiff.

It is the contention of the plaintiff that she and the decedent entered into a contract at about the time when the deceased left the hospital in June, 1911, that they would live together and that the plaintiff would provide the decedent with a home and care for her as long as they both lived, and that in consideration thereof it was mutually agreed between them that each would execute a will giving all her property to the other. Such an arrangement has been found by the jury, and the finding of the jury has been adopted by the court.

The evidence sufficiently sustains the conclusion reached by the trial justice and the jury that an arrangement as above indicated was made by the two sisters. We are not unmindful of the strict rule which generally prevails in regard to claims against estates of decedents, but in this case we think the evidence is sufficient. The two sisters were in fact living together

during the summer and autumn of 1911, and until the decedent went to the hospital for the second time, where she remained until her death. The plaintiff had left the place of her former residence, and had provided and moved into a new residence, and equipped the same apparently with reference to the sojourn of her sister with herself, and in doing so had apparently made some unusual and different preparations other than such as would have been made had the plaintiff expected to continue to live alone as she formerly lived. Mutual wills were in fact made while the two sisters were thus living together, each in favor of the other. These facts are corroborative of the oral evidence given by apparently disinterested witnesses of statements by the decedent to the effect that she and the plaintiff had made such an arrangement as is claimed to have been made. The testimony of Mr. Bailey, an attorney of Troy, who drew the two wills of September 20, 1911, is to the same effect. The contract between the two sisters and the will of the decedent in fulfillment thereof are no more unconscionable and are much more reasonable and natural than is the will of April 1, 1912, whereby the bulk of the estate was given by the decedent to her nephew. The jury were carefully and thoroughly instructed by the learned trial justice that before finding that such an agreement existed they must be convinced of the fact not only by the preponderance of evidence but in addition to that by evidence which to their minds was clear and convincing. While it is necessary in this case to resort to the oral evidence in order to find the contract which the plaintiff alleges, the circumstances and probabilities lend color and credence to such oral evidence, and, the arrangement being reasonable and natural and not unjust or oppressive and working no hardship to any one having natural claims upon the bounty of the decedent, there is no sufficient reason for disregarding the conclusion reached in respect to the existence of such a contract. The plaintiff executed her part of the contract, and, if such a contract existed, it is no answer thereto to say that because death speedily intervened and removed her sister, the contract is, therefore, unenforcible. When the contract was made the decedent had left or was about to leave the hospital, and if she had lived many years, as perhaps she expected to do, the obli-

gation would have been upon the plaintiff to provide for her a home and care for her as long as they both lived.

It is not essential that the legatees in the last will should be made parties to this action for the purpose of having the claim of the plaintiff established against the estate. Whatever the form or nature of this action may be, it is quite analogous to that of any ordinary claim against an estate. In substance the plaintiff claims under a contract whereby she was to render certain services and was to receive in return the entire estate of the decedent. The enforcement of a contract of that kind against an estate differs in no essential particular from the enforcement of any ordinary claim for services, and in such an action the legatees and parties interested under the will are represented by the executor and are bound by the judgment without being made parties to the action. (See *Riggs* v. *Cragg,* 89 N. Y. 479, 488.) Such is the common practice.

The judgment, however, in some particulars is erroneous. The action is not brought against the defendant individually but solely in his representative capacity, but the judgment is directed against him individually for the amount of the estate, less certain expenses and debts paid by him, and provides that an execution may issue against him therefor. A judgment must be *secundum allegata et probata.* There is nothing in the complaint to charge the defendant individually, and the action is not in form against him individually, and it would seem to follow that a judgment cannot, therefore, be recovered against him individually. Neither should costs have been imposed on him. The plaintiff regards this as an equity action, and as such costs are discretionary. In an action for a sum of money only costs could not be awarded against the executor except for unreasonable resistance or neglect. (Code Civ. Proc. §§ 1835, 1836.) A harsher rule should not be applied in the present case. There is no suggestion in the case of fraud or unfairness on the part of the defendant. His duty to the estate requires him to give it protection, and the circumstance that he is the residuary legatee and is largely interested personally should not militate against him in the absence of a suggestion of fraud or overreaching conduct.

We think also that the estate should be administered in the

Third Department, March, 1917.     [Vol. 177.

regular and orderly way in Surrogate's. Court.   It is true that the complaint herein demands an accounting, but an accounting whether in this court or in Surrogate's Court can only be had on notice to those interested therein.   ·The legatees and creditors, if there be any, are entitled to be heard on such accounting.   If the decedent had executed a will giving all her property to the plaintiff and had named the defendant as executor such action would have been entirely consistent with the contract made between her and the plaintiff.   That contract contemplated an administration of her estate in the usual manner and by the ordinary processes in Surrogate's Court. The defendant is the lawful executor under a will which has been lawfully admitted to probate.   The estate should be administered in Surrogate's Court in the usual manner and the judgment herein should determine that what remains after the payment of debts, funeral and testamentary expenses should be paid to the plaintiff in the due course of such administration.

The judgment should be modified by striking out the provisions therein contained for payment by the defendant as executor or individually and for costs, and for a recovery against him herein, and by providing that the estate be paid to the plaintiff in the due course of administration in Surrogate's Court after deducting therefrom debts and proper funeral and testamentary expenses allowed by said court, and as so modified affirmed, without costs.   The order modifying the judgment becoming by this decision academic the appeal therefrom is dismissed, without costs.   Order restraining defendant from disposing of the estate modified so as to allow payments in accordance with the directions of the courts, and as so modified affirmed, without costs.

Judgment modified by striking out the provisions therein contained for payment by the defendant as executor or individually and for costs, and for a recovery against him herein, and by providing that the estate be paid to the plaintiff in the due course of administration in Surrogate's Court after deducting therefrom debts and proper funeral and testamentary expenses allowed by said court, and as so modified unanimously affirmed, without costs.   The order modifying the judgment

becoming by this decision academic the appeal therefrom is dismissed, without costs.   Order restraining defendant from disposing of the estate modified so as to allow payments in accordance with the directions of the courts, and as so modified unanimously affirmed, without costs.